IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DIPL.-ING. H. HORSTMANN GMBH<br><br>    Plaintiff,<br><br>v.<br><br>SMART GRID SOLUTIONS, INC.<br><br>    Defendant. | Civil Action File No.<br><br>  1:16-cv-100-RWS  <br><br>JURY TRIAL<br>DEMANDED |

## COMPLAINT

COMES NOW, Plaintiff, Dipl.-Ing. H. Horstmann GmbH (hereinafter "Horstmann"), and states its Complaint against Defendant Smart Grid Solutions, Inc. (hereinafter "Defendant"), as follows:

## INTRODUCTION

1. This is a civil action for (i) patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*; (ii) trade dress infringement arising under 15 U.S.C. § 1125(a), *i.e.*, false designation of origin, false or misleading description of fact, or false or misleading representation of fact; and (iii) deceptive trade practices arising under the common law and under Georgia's Deceptive Trade Practice Act, Georgia Code Annotated Section 10-1-370 *et seq.* In this action,

Horstmann seeks preliminary and permanent equitable injunctive relief, compensatory or general damages, increased damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the causes of action set forth herein based upon 15 U.S.C. §1121; 28 U.S.C. §§1331, 1338(a), and 1338(b); and pursuant to the supplemental jurisdiction of this Court under 28 U.S.C. §1367.

3. The Court has personal jurisdiction over Defendant arising from the fact that Defendant regularly and continuously conducts business, including the acts referenced herein, in the State of Georgia and within this judicial district and division.

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## THE PARTIES

5. Plaintiff Horstmann is a GmbH organized under the laws of Germany, with its principal place of business located at Humboldtstrasse 2, 42579 Heiligenhaus, Germany.

6. Upon information and belief, Defendant a corporation organized under the law of Texas, with its principal place of business located at 908 East 5th Street, #114a, Austin, Texas 78702.

## THE CONTROVERSY

7. Horstmann is a medium-sized, family-owned company that was founded in Heiligenhaus, Germany in 1946.

8. Horstmann has developed and commercialized electrical power supply products, such as fault indicators and fiber optic cables for electrical power systems, and distributes these products throughout the world, including Georgia.

9. Horstmann owns and holds all rights and interests in United States Design Patent No. D578,478 to Hendrik Horstmann, issued on October 14, 2008, entitled "Fiber Optic Cable," which is hereinafter referred to as "the '478 Patent."

10. A copy of the '478 Patent is attached herewith as Exhibit A.

11. The '478 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

12. Horstmann invests substantial time and effort in the development and commercialization of its fault indicators and fiber optic cables.

13. Due in part to its reputation for producing innovative, ornamental, and high-quality products, Horstmann is recognized worldwide as a leading manufacturer of fault indicators and fiber optic cables.

14. Horstmann and its fault indicators and fiber optic cables are well known and widely recognized by consumers of fault indicators and fiber optic cables.

15. Horstmann and its fault indicators and fiber optic cables are identifiable by Horstmann's unique and distinctive trade dress and are recognized by consumers of fault indicators and fiber optic cables.

16. One aspect of Horstmann's unique and distinctive trade dress includes a fiber optic cable, with each end including a semi-transparent curved-end attached to the fiber-optic cable. The unique and distinctive fault indicator component also includes a segment having multiple ribs, which encompasses at least a portion of the semi-transparent curved-end. In addition, each end of the ribbed segment terminates at a respective flange. The other end of the fiber optic cable comprises also a semi-transparent fault indicator with a curved-end and a flange proximate thereto coupled with a cylindrical component.

17. Exemplary images of Horstmann's unique and distinctive fault indicator component are shown in Exhibit B.

18. Horstmann has sold and distributed the fiber optic cables with the fault indicator component shown in Exhibit B in the United States, including Georgia, since around October of 2008 via its U.S. representative, Power Delivery

4

Products, who is located in this judicial district at 2658 Holcomb Bridge Road, Alpharetta, GA 30022.

19. The unique combination of the above elements of the indicator component constitutes non-functional trade dress that customers identify with Horstmann.

20. Horstmann's trade dress has acquired secondary meaning among the relevant trade and public as a symbol identifying Horstmann as the source of its goods and services.

21. Upon information and belief, Defendant sells and/or offers for sale a product that may be referred to as the E-Scout FI-3C Underground Fault Indicator (hereinafter "the Accused Product") within the United States, including this judicial district directly or via its agent, Power Representatives Organization, Inc., who covers the State of Georgia on behalf of Defendant.

22. Exemplary images of the Accused Product are shown in Exhibit C.

## COUNT ONE:
## INFRINGEMENT OF U.S. DESIGN PATENT NO. D578,478

23. Horstmann realleges and incorporates by reference each of the above paragraphs as if recited herein for this Count.

24. Upon information and belief, Defendant and/or Defendant's customers of the Accused Product have infringed directly and/or indirectly and continues to infringe directly and/or indirectly the '478 Patent.

25. The infringement by Defendant and/or Defendant's customers is literal infringement or infringement under the doctrine of equivalents.

26. Defendant's infringing acts include, but are not limited to, the manufacture, use, sale, importation, offer for sale, and/or exposing for sale of the Accused Product and/or application of the patented design of the '478 Patent to the Accused Product.

27. The acts of infringement of the '478 Patent by Defendant have caused and will continue to cause damage to Horstmann.

28. Upon information and belief, Defendant's acts of infringement are willful.

29. Horstmann is entitled to recover from Defendant the damages sustained by Horstmann as a result of Defendant's wrongful acts in an amount subject to proof at trial.

30. Horstmann is entitled to recover from Defendant the extent of Defendant's total profits pursuant to 35 U.S.C. § 289.

31. The infringement of Horstmann's exclusive rights under the '478 Patent by Defendant will continue to damage Horstmann, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT TWO:
## FEDERAL UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN – 15 U.S.C. § 1125(a)

32. Horstmann realleges and incorporates by reference each of the above paragraphs as if recited herein for this Count.

33. The use of Horstmann's distinctive trade dress without Horstmann's consent by Defendant constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person in violation of 15 U.S.C. § 1125(a).

34. The use of Horstmann's distinctive trade dress without Horstmann's consent by Defendant constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics,

qualities, or geographic origin of his or her or another person's goods, services, or commercial activities in violation of 15 U.S.C. § 1125(a).

35. Such conduct of Defendant is likely to confuse, mislead, and deceive consumers of fault indicators and fiber optic cables and members of the public as to the origin of said Horstmann's trade dress or cause said persons to believe that Defendant and/or their products have been sponsored, approved, authorized, or licensed by Horstmann or are in some way affiliated or connected with Horstmann, all in violation of 15 U.S.C. § 1125(a).

36. Upon information and belief, Defendant's actions were committed willfully with full knowledge of the falsity of such designations of origin and false descriptions or representations, and with the express intent to cause confusion, and to mislead and deceive the purchasing public.

37. Unless Defendant is immediately enjoined and prohibited from using Horstmann's trade dress, or any trade dress that is confusingly similar to Horstmann's trade dress, Defendant will continue to intentionally infringe Horstmann's trade dress.

38. Horstmann has no adequate remedy at law and is being irreparably harmed by Defendant's conduct, and, if not enjoined, Horstmann will continue to

suffer irreparable harm and damage to the rights of Horstmann and to the reputation and goodwill of Horstmann.

39. As a result of Defendant's conduct set forth above, Horstmann has been, and will continue to be, irreparably damaged. Pursuant to 15 U.S.C. § 117, Horstmann is entitled to a judgment for: (1) Defendant's profits; (2) damages sustained by Horstmann; (3) treble damages; (4) such sum as the Court deems just; (5) Horstmann's attorneys' fees; (6) Horstmann's costs of this action; and (7) interest.

## COUNT THREE:
## DECEPTIVE TRADE PRACTICES – O.C.G.A. §§ 10-1-371 et seq.

40. Horstmann realleges and incorporates by reference each of the above paragraphs as if recited herein for this Count.

41. Upon information and belief, in the course of its business, Defendant knowingly made false representations as to affiliation, connection, and/or association with Horstmann by using a trade dress that is confusingly similar to Horstmann's trade dress, without Horstmann's consent, and otherwise engaged in deceptive trade practices. By reason of the foregoing, Defendant has violated the Uniform Deceptive Trade Practices Act as adopted by Georgia at O.C.G.A. §§ 10-1-371 *et seq.*

42. Unless Defendant is immediately enjoined and prohibited from using Horstmann's trade dress or any trade dress that is confusingly similar to Horstmann's trade dress, Defendant will continue to utilize deceptive trade practices regarding their products and services.

43. Horstmann has no adequate remedy at law, and as a direct and proximate result of Defendant's deceptive trade practices, Horstmann has been irreparably harmed by Defendant's conduct, and, if not enjoined, Horstmann will continue to suffer irreparable harm and damage to the rights of Horstmann in its trade dress, to its fault indicators and fiber optic cables, and to the reputation and goodwill of Horstmann and its fault indicators and fiber optic cables.

## COUNT FOUR:
## COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

44. Horstmann realleges and incorporates by reference each of the above paragraphs as if recited herein for this Count.

45. By virtue of having used and continuing to use its distinctive trade dress, Horstmann has acquired common law rights in its trade dress.

46. The unauthorized use of any trade dress that is confusingly similar to Horstmann's trade dress by Defendant infringes upon Horstmann's common law rights in its trade dress, and this use is likely to cause confusion, mistake, or

deception among consumers and members of the trade and industry who will believe that Defendant's products are affiliated with, authorized by, or endorsed by Horstmann, when they are not.

47. Upon information and belief, Defendant is misappropriating Horstmann's trade dress with knowledge of Horstmann's rights in the trade dress and with the intent of causing confusion, mistake, and deception as to the source and/or endorsement of Defendant's products and/or services.

48. Unless Defendant is immediately enjoined and prohibited from using Horstmann's trade dress or any trade dress that is confusingly similar to Horstmann's trade dress, Defendant will continue to intentionally infringe Horstmann's trade dress.

49. Horstmann has no adequate remedy at law, and as a direct and proximate result of Defendant's actions, Horstmann has been irreparably harmed.

50. If Defendant is not enjoined, Horstmann will continue to suffer irreparable harm and damage to the rights of Horstmann in its trade dress and to its fault indicators and fiber optic cables and to the reputation and goodwill of Horstmann and its fault indicators and fiber optic cables.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Horstmann prays that the Court enter judgment in its favor and against Defendant as follows:

(1) That the Court enter judgment that the '478 Patent has been infringed either literally and/or under the doctrine of equivalents, by Defendant or by others to whose infringement Defendant has contributed and/or by others whose infringement has been induced by Defendant;

(2) That Defendant be ordered to pay damages adequate to compensate Horstmann for Defendant's acts of infringement, pursuant to 35 U.S.C. § 284, or to pay Defendant's total profit for Defendants acts of infringement, pursuant to 35 U.S.C. § 289;

(3) That Horstmann be awarded increased damages under 35 U.S.C. § 284 due to Defendant's willful infringement of the '478 Patent;

(4) That the Court find that this case is exceptional and award Horstmann its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

(5) That Defendant, its officers, agents, employees, and those acting in privity with it, be permanently enjoined from further infringement, contributory infringement, and/or inducing infringement of the patent-in-suit, pursuant to 35 U.S.C. § 283;

(6) That a preliminary and permanent injunction be issued against Defendant and Defendant's agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendant, enjoining them from engaging in the following activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

(a) from using Horstmann's distinctive trade dress, or any other trade dress that is confusingly similar to Horstmann's trade dress, in connection with fault indicators or fiber optic cables;

(b) from performing any activity or using any trade dress that is likely to cause mistake or confusion, or to deceive or otherwise mislead the public into believing that Horstmann and its fault indicators and fiber optic cables are the same or connected in any way, or that Horstmann is a sponsor of, affiliate of, associated with, originator of, or under the supervision or control of, Defendant and/or Defendant's goods or services, or vice versa;

(c) from using any trade dress or engaging in any conduct that creates a likelihood of injury to the business reputation of Horstmann or is a likelihood of misappropriation of Horstmann's trade dress and/or the goods and/or services associated therewith; and

(d)   from otherwise competing unfairly with Horstmann in any way;

(7)   That Defendant be required to pay Horstmann compensatory damages in an amount to be determined at trial for the injuries sustained by Horstmann resulting from the acts described herein, and that such damages be trebled because of Defendant's intentional and willful actions, as also described herein;

(8)   That Defendant be required to pay Horstmann for any and all gains, profits, and advantages or other benefits resulting or derived in any way from Defendant's wrongful actions;

(9)   That the Court award Horstmann its reasonable attorneys' fees pursuant to 15 U.S.C § 1117(a) and (b);

(10)   That the Court award Horstmann its costs of suit incurred herein;

(11)   That Horstmann be granted prejudgment and post-judgment interest; and

(12)   That Horstmann be granted such other and further relief as the Court may deem just, equitable, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Dipl.-Ing. H. Horstmann GmbH demands a trial by jury of all issues triable of right by a jury.

This 12th day of January, 2016.

/s/ N. Andrew Crain
N. Andrew Crain
(*andrew.crain@thomashorstemeyer.com*)
Georgia State Bar No. 193081
Robert Gravois
(*robert.gravois@thomashorstemeyer.com*)
Georgia State Bar No. 600183
**THOMAS HORSTEMEYER, LLP**
400 Interstate North Parkway, Ste. 1500
Atlanta, Georgia 30339
Telephone: (770) 933-9500
Facsimile: (770) 951-0933

Attorneys for Plaintiff,
Dipl.-Ing. H. Horstmann GmbH